UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:19-cr-304-T-17SPF

MALCOM GREEN

_____/

**ORDER DENYING MOTION FOR PRETRIAL RELEASE**

Before the Court is defendant Malcom Green's ("Defendant") Motion to Set Reasonable Conditions of Pretrial Release ("Motion") (Doc. 20). On December 6, 2019, the Court held a bond hearing during which the Government moved for detention pursuant to 18 U.S.C. § 3142(f)(2). At that time, Defendant did not contest detention. For the reasons set forth in its Order of Detention Pending Trial (Doc. 15), the Court found by clear and convince evidence that no condition or combination of conditions of release would reasonably assure the safety of any person or community and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure defendant's appearance as required.

Pursuant to 18 U.S.C. § 3142(f), a bond "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any

other person and the community." By his Motion, Defendant presented material information not known during the December 6, 2019 hearing, which justified reopening the bond hearing. The Court conducted the reopened bond hearing on February 18, 2020, during which the Government and the Defendant presented further evidence and argument. Defendant proffered that he could reside with his significant other and had an employment opportunity.

After considering all the written and oral evidence presented to the Court and the factors listed in 18 U.S.C. 3142(g), the Court again found by clear and convince evidence that no condition or combination of conditions of release will reasonably assure the safety of any person or community and by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure defendant's appearance as required. The evidence against Defendant, including DNA evidence, is strong. Defendant has a lengthy criminal history, including a conviction for battery on a law enforcement officer and two firearm related offenses. The Government proffered that Defendant attempted to flea at the time of his arrest. In addition, Defendant has numerous failures to appear and violations of probation.

Accordingly, Defendant's Motion is **DENIED**. Defendant shall remain committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government,

the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**ORDERED** in Tampa, Florida, this 18th day of February 2018.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE