UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:19-cr-304-T-17SPF

MALCOM GREEN

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is defendant Malcom Green's ("Defendant") Motion for Reconsideration of Conditions of Pretrial Release ("Motion") (Doc. 33). Despite this Court having twice found by clear and convince evidence that no condition or combination of conditions of release would reasonably assure the safety of any person or community and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required, Defendant seeks to be released on the same conditions previously considered and rejected by this Court. (*See* Docs. 15 and 25). Defendant urges the Court to reconsider its previous rulings in light of the COVID-19 pandemic and the alleged overcrowding at the facility where Defendant is detained—Pinellas County Jail.

A "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). There is no

suggestion that temporary release is necessary for the preparation of Defendant's defense. Rather, Defendant contends that the conditions at Pinellas County Jail "necessitate[e] his temporary release on bail until this pandemic has ended." (Doc. 33 at 2.). Defendant notes that both the Governor of Florida and the Pinellas County Board of Couty Commissioners have declared a State of Emergency in response to the pandemic. (*Id.*). While there has been no reported case of COVID-19 at the Pinellas County Jail, Defendant contends that the "[o]vercrowded conditions, inadequate housing and constantly changing inmates and personnel are the recipe for an outbreak that the CDC has repeatedly warned us against." (*Id.* at 6).

As Defendant acknowledges, "[t]he CDC has issued guidance that individuals at higher risk of contracting COVID-19— adults over 60 years old and people with chronic medical conditions such as lung disease, heart disease, and diabetes—take immediate preventative actions, including avoiding crowded areas and staying home as much as possible." (Doc. 33 at 3). Defendant, however, is not an individual at higher risk of contracting COVID-19. Defendant is 24 years old and stated to Pretrial Services that he is in excellent physical health with no medical problems. (Doc. 5). Defendant's reported physical health was verified by his grandmother. (*Id.*). Therefore, Defendant does not appear to be at a higher risk than the other federal pretrial detainees housed at the Pinellas County Jail.

Moreover, the Court finds—now for the third time— by clear and convince evidence that no condition or combination of conditions of release will reasonably assure the safety of any person or community and by a preponderance of the evidence

that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. As this Court previously found:

> The evidence against Defendant, including DNA evidence, is strong. Defendant has a lengthy criminal history, including a conviction for battery on a law enforcement officer and two firearm related offenses. The Government proffered that Defendant attempted to flea at the time of his arrest. In addition, Defendant has numerous failures to appear and violations of probation.

(Doc. 25 at 2). In a recent filing, Defendant concedes that he fled when officers approached him with an arrest warrant. (*See* Doc. 30 at 1) ("On October 24, 2018, law-enforcement approached Malcom Green ("Mr. Green") with an arrest warrant. After a short foot chase, the authorities arrested Mr. Green and took him into custody."). This Court will not provide Defendant with a second chance to flee, nor will Defendant be given an opportunity to commit additional crimes while on bail.

Accordingly, Defendant's Motion is **DENIED**.

**ORDERED** in Tampa, Florida, this 26th day of March 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE